CONCURRING STATEMENT BY
STABILE, J,:
I join the Majority’s opinion today, but write merely to express my view that in this constantly developing area of law and technology we must proceed to establish precedent slowly and with caution. Today’s decision should stand for no more than the conclusion that a legal duty was not found to exist under the facts as pled in this case. As the Majority notes, the Appellants failed to make allegations of specific threats and problems with UPMC’s computer system to alter the finding of no duty in this case. See Maj. Op. at 324 n.4 (citing In re: The Home Depot, Inc. Customer Data Security Breach Litigation, 2016 WL 2897520 (N.D. Ga., May 18, 2016)). Had UPMC been on notice of actual or potential security breaches of its systems, or reasonably should have anticipated that the negligent handling of confidential information would have left it vulnerable to criminal activity,[1] a different *327 conclusion may have been reached under the factors of the Althaus[2] test.
I also agree under the second factor of the Althaus test that there is significant social utility in companies like UPMC being able to store information electronically. The entire world is moving towards electronic storage of information. With this will come a greater awareness of what is reasonable in terms of the care and storage of confidential information. At some point, the balance of weighing social utility in favor of data storage entities may shift more in favor of persons like Appellants. When harm becomes foreseeable under circumstances that commonly are understood to render storage vulnerable, the fourth Althaus factor may weigh in favor of imposing additional duties upon an actor even absent legislative action. As for the fifth and final factor under the Althaus test (the overall public interest), I believe that this factor too may shift as the foreseeability of harm changes with the evolution and increased use of this technology.
Judge Olson joins this Concurring Statement.

. As the Majority notes, citing Mahan v. Am-Gnard, Inc., 841 A.2d 1052, 1060-1061 (Pa. Super. 2003).

. Althaus v. Cohen, 562 Pa. 547, 756 A.2d 1166 (2000).